1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KALEIN BLACKWELL,                    No.  2:15-cv-388 AC

12              Plaintiff,

13        v.                              ORDER

14   CAROLYN W. COLVIN,  Acting
     Commissioner of Social Security,
15
                Defendant.
16

17

18

19        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

20   ("Commissioner") denying his application for supplemental security income ("SSI") under Title

21   XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381-1383f.[1]  For the reasons that follow

22   plaintiff's motion for summary judgment will be denied and defendant's cross-motion for

23   summary judgment will be granted.

24   ////

25

26   _____
     [1]  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State
     Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003)
27   (Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of
     benefits for aged, blind, or disabled individuals, including children, whose income and asses fall
28   below specified levels).

                                            1

1

I.        PROCEDURAL BACKGROUND

2

Plaintiff initially applied for DIB on February 16, 2012, Administrative Record ("AR") at

3

13 (ECF No. 12-3 at 14) (Decision)[2], alleging disability beginning January 1, 1995.  The claim

4

was initially denied on July 15, 2012, and upon reconsideration on November 16, 2012.  Id.

5

Plaintiff then filed a request for hearing on November 19, 2012, 20 C.F.R. 415.1429, and

6

appeared at the hearing held on June 27, 2103, presided over by ALJ Evangelina P. Hernandez

7

and attended by Jose L. Chaparro, an Impartial Vocational Expert ("IVE"), plaintiff's attorney

8

Robert K. Kolber, and plaintiff's mother.  AR 28 (ECF No. 12-3 at 29).

9

On July 26, 2013, the ALJ found plaintiff "not disabled" under section 1614(a)(3)(A) of

10

the Social Security Act.  AR 22 (ECF No. 12-3 at 23).  On December 19, 2014, after receiving a

11

brief from plaintiff's counsel as an additional exhibit, the Appeals Council denied plaintiff's

12

request for review, leaving the ALJ's decision as the final decision of the Commissioner of

13

Social Security.  AR 1-5 (ECF No. 12-3 at 2-6) (decision and additional exhibit list).

14

Plaintiff filed this action on February 18, 2015.  ECF No. 1; see 42 U.S.C. §§ 405(g),

15

1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 7, 9.  The

16

parties' cross-motions for summary judgment, based upon the Administrative Record filed by the

17

Commissioner, have been fully briefed.  ECF No. 19 (plaintiff's summary judgment motion

18

dated December 6, 2015), 25 (Commissioner's cross-motion for summary judgment dated

19

February 25, 2016).

20

II.        FACTUAL BACKGROUND

21

Plaintiff was born on November 21, 1985, was 10 years old on the alleged onset date of

22

his disabilities, and was 26 years old on the date the application was filed.  AR 20 (ECF No. 12-3

23

at 21).  Plaintiff has a limited education and can communicate in English.  Id.

24

III.        LEGAL STANDARDS

25

The Commissioner's decision that a plaintiff is not disabled will be upheld "if it is

26

supported by substantial evidence and if the Commissioner applied the correct legal standards."

27

28

_____

[2]  The AR is electronically filed in nine segments at ECF No. 12.

1    The Commissioner's decision that a plaintiff is not disabled will be upheld "if it is

2    supported by substantial evidence and if the Commissioner applied the correct legal standards."

3    Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "The findings of the

4    Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."

5    Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

6    Substantial evidence is "'more than a mere scintilla," but "may be less than a

7    preponderance."  Molia v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  Substantial evidence

8    "means such relevant evidence as a reasonable mind might accept as adequate to support a

9    conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks

10   omitted).  "While inferences from the record can constitute substantial evidence, only those

11   'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066

12   (9th Cir. 2006) (citation omitted).  Although this court cannot substitute its discretion for that of

13   the Commissioner, the court nonetheless must review the record as a whole, "weighing both the

14   evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."

15   Derosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir 1988); Jones v. Heckler, 760 F.2d 993,

16   995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that

17   detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of

18   supporting evidence.").

19   "The ALJ is responsible for determining credibility, resolving conflicts in medical

20   testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

21   2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which

22   supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart, 278

23   F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ

24   in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn v.

25   Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)

26   ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that

27   the ALJ did not discuss").

28   The court will not reverse the Commissioner's decision if it is based on harmless error,

1   which exists only when it is "clear from the record that an 'ALJ's error was inconsequential to

2   the ultimate nondisability determination.'"  Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2005)

3   (quoting Stout v. Comm'r, 454 F.3d 1050, 1055-1056 (9th Cir. 2006)); see also Burch v.

4   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

5                                    IV.        RELEVANT LAW

6            Disability Insurance Benefits and Supplemental Security Income are available for every

7   eligible individual who is "disabled."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)0.  The

8   Commissioner uses a five-step sequential evaluation process to determine whether an applicant is

9   disabled and entitled to benefits.  20 C.F.R.  §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v.

10  Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to

11  determine disability" under Title II and Title XVI.  The following summarizes the sequential

12  evaluation.

13
                Step one:  Is the plaintiff engaging in substantial gainful activity?
14              If so, the plaintiff is not disabled.  If not, proceed to step two.

15  20 C.F.R. § 404.1520(a)(4)(i), (b).

16              Step two:  Does the plaintiff have a "severe" impairment?  If so,
                proceed to step three.  If not, the plaintiff is not disabled.
17
    Id. §§ 404.1520(a)(4)(ii), (c).
18
                Step three:   Does the plaintiff's impairment or combination of
19              impairments meet or equal an impairment listed in 20 C.F.R. Pt.
                404, Subpt. P, App.1?  If so, plaintiff is disabled.  If not, proceed to
20              step four.

21  Id. §§ 404.1520(a)(4)(iii), (d).

22              Step four:  Does the plaintiff's residual functional capacity make
                him capable of performing his past work?  If so, the plaintiff is not
23              disabled.  If not, proceed to step five.

24  Id. §§ 404.1520(a)(4)(iv), (e), (f).

25              Step five:  Does the plaintiff have the residual functional capacity
                to perform any other work?  If so, the plaintiff is not disabled.  If
26              not, the plaintiff is disabled.

27  Id. §§ 404.1520(a)(4)(v), (g).

28

                                              4

The plaintiff bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same).  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the plaintiff is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012).

## V.     THE ALJ's FINDINGS

The ALJ made the following findings:

1. [Step 1] The plaintiff has not engaged in substantial gainful activity since February 16, 2012, the application date (20 C.F.R. 416.971 et seq).

2. [Step 2] The plaintiff has the following severe impairments:  depression; bipolar disorder (20 C.F.R. 416.920(c)).

3.  [Step 3] The plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404 1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. [Preparation for Step 4].  After careful consideration of the entire record, the undersigned finds that plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: limited to simple and routine and repetitive tasks; can work in a low stress job with only occasional decision making required and only occasional changes in work setting; can have only occasional interaction with the general public, coworkers, or supervisors; work is isolated, with only occasional supervision.

5. [Step 4] The plaintiff is unable to perform any past relevant work (20 C.F.R. § 416.965).

6. [Step 5]:  The plaintiff was born on November 2, and was 26 years old, which is defined as a younger individual age 18-49 on the date the application was filed (20 C.F.R.§ 416.963).

7. [Step 5, continued]  The plaintiff has a limited education and is able to communicate in English (20 C.F.R. § 416.964).

8. [Step 5, continued]  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the plaintiff is "not disabled," whether or

not the plaintiff has transferable job skills (See SSR 92-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

9.  [Step 5, continued]  Considering the plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform (20 C.F.R. § 416.969 and 416.969(a)). [3]

10. The plaintiff has not been under a disability, as defined in the Social Security Act, since February 16, 2012, the date the application was filed (20 C.F.R. § 416.920(g)).

AR 15-21 (ECF Nos. 12-3 at 16-22).

The ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of the Social Security Act.  AR 22 (ECF No. 12-3 at 23).

## VI.  ANALYSIS

Plaintiff alleges that the ALJ committed the following legal errors:  (1) she failed to credit treating and examining psychiatric opinion evidence without articulating legitimate reasons for doing so; and (2) she failed to evaluate properly and to credit Mr. Blackwell's testimony regarding the functional limitations arising from his mental impairment.  ECF No. 19 at 4.

### A.    Medical Opinion Evidence

The ALJ supported her RFC finding with a detailed review of plaintiff's medical records and the opinion evidence of record.  AR 17-20 (ECF No. 12-3 at 18-21).  She gave significant weight to the opinion of Dr. Gauch, who completed a psychological consultative examination, because that opinion was consistent with plaintiff's activities of daily living and the longitudinal medical evidence of record.  AR 18 (ECF No. 12-3 at 19); see AR 285-290 (ECF No. 12-8 at 12-17) (Gauch report).  The ALJ rejected the opinions of examining physicians Dr. Richwerger and Dr. Weiss, and treating physician Dr. Smith.  AR 19 (ECF No. 12-3 at 20).

Plaintiff argues that the ALJ erred in considering medical evidence by (a) failing to properly credit the conclusions and testing of Dr. Smith, plaintiff's treating physician; (b) giving

---

[3]  Such jobs include industrial cleaner, housekeeping cleaner, and commercial cleaner.  AR 21 (ECF No. 12-3 at 22).

1 little weight to the opinion of consulting examiner Dr. Richwerger; (c) giving little weight to the

2 opinion of consulting examiner Dr. Weiss; and (d) failing even to mention therapist Catherine

3 Lee's assessment.

4              1.   Opinion of Dr. Smith

5        Dr. Smith was plaintiff's treating physician, who completed two mental RFC assessments

6 in 2012.  AR 365-369 (ECF No. 12-8 at 92-96), AR 409-415 (ECF No. 12-9 at 41-47).  Dr.

7 Smith indicated that plaintiff was "unable to meet competitive standards" in most categories, and

8 rated plaintiff's work-related abilities as "poor."  Id.  The ALJ gave "little weight" to these

9 assessments, on the grounds that they were not supported by objective medical evidence and that

10 Dr. Smith's own records indicate routine conservative treatment for the claimed impairments.

11 AR 19 (ECF No. 12-3 at 20).

12        The ALJ did not err.  Dr. Smith's report identified no objective evidence of impairment.

13 Dr. Smith's records consist exclusively of check-off lists without analysis – merely descriptions

14 of the symptoms that plaintiff reported.  AR 365-369 (ECF No. 12-8 at 92-96); AR 409-415

15 (ECF 12-9 at 41-47).  Dr. Smith made no reference to any other medical records, clinical

16 findings, or diagnostic assessments that would support her checklist of conclusions.  Id.  "The

17 ALJ need not accept the opinion of any physician, *including a treating physician*, if that opinion

18 is brief, conclusory, and inadequately supported by clinical findings.  Thomas v. Barnhart, 278

19 F.3d 947, 956-957 (9th Cir. 2002) (emphasis added).

20              2.     Opinion of Dr. Richwerger

21        Dr. Richwerger was a Consulting Examiner commissioned by the Administration.  AR

22 372 (ECF No. 12-9 at 4).  His report is found at AR 372-378 (ECF No. 12-9 at 4-10).  It is based

23 on a single evaluation in June 2012.  The ALJ rejected Dr. Richwerger's opinions on grounds

24 that he had no longstanding relationship with the plaintiff, and the findings were inconsistent and

25 unsupported by the longitudinal medical evidence.  AR 10 (ECF No. 12-3 at 20).

26        The ALJ did not err in rejecting Dr. Richwerger's opinions.  Dr. Richwerger relied

27 almost entirely on plaintiff's self-reporting and reviewed only limited records: an assessment

28 form from San Joaquin County Mental Health, one check-off report from Dr. Smith, and a

1   handwritten report from 2010 in which he found the diagnosis to be illegible.  AR 372-373 (ECF

2   No. 12-9 at 4-5).  In his functional assessment Dr. Richwerger found only slight and moderate

3   impairments in most areas, with marked impairment only in plaintiff's ability to perform detailed

4   and complex tasks, to perform work activities on a consistent basis, and to be able to complete a

5   normal workday or workweek without interruption.  AR at 377 (ECF No. 9-12 at 9).  The only

6   evidence he had for these opinions was plaintiff's self-reporting.  AR at 376 (ECF No. 12-9 at

7   8).[4]  Dr. Richwerger provided no critical discussion or objective evidence to support any of his

8   conclusions.

9          Those conclusions are inconsistent with the various treatment notes and other medical

10  records identified by the ALJ that indicated a higher level of functioning during the same period.

11  Accordingly, the ALJ's rejection of Dr. Richwerger's opinion is supported by substantial

12  evidence and is therefore entitled to deference.  Howard ex rel. Wolff v. Barnhart, supra, 341

13  F.3d at 1011; Andrews v. Shalala, supra, 53 F.3d at 1039.

14                        3.  Opinion of Dr. Weiss

15         Wendy Weiss, Ph.D. performed a psychological evaluation of plaintiff in April 2013.

16  AR 417-428 (ECF No.12-9 at 49-60).  The ALJ rejected Dr. Weiss's opinion for the same

17  reasons she rejected Dr. Richwerger's opinion: no longstanding treating relationship,

18  inconsistency, and lack of support in the longitudinal medial evidence of record.  AR 19 (ECF

19  No. 12-3 at 20).

20         As with Dr. Richwerger, the ALJ permissibly rejected Dr. Weiss's opinion as

21  inconsistent with other contemporaneous evidence of functioning.  As with Dr. Richwerger, the

22  findings of marked limitations are unsubstantiated by clinical findings or medical records.  Id.

23  Accordingly, for the same reasons that there was no error in the ALJ's rejection of Dr.

24  Richwerger's opinion, there was no error in her rejection of Dr. Weiss's opinion.

25  ////

26

27  _____

    [4]  Plaintiff's inconsistent self-reports may explain certain inconsistencies between the reports of
    Dr. Richwerger and Dr. Weiss.  This matter is addressed below in discussion of Dr. Weiss's
28  report.

                                        8

1    To the extent the ALJ rejected the Richwerger and Weiss opinions as inconsistent *with*

2    *each other,* AR 19 (ECF No. 12-3 at 20), the differing findings appear to follow from the

3    differing factual representations made by plaintiff.  Compare AR 373-74 (ECF No. 12-9 at 5-6)

4    (plaintiff's account to Dr. Richwerger of his history); AR 419-20 (ECF No. 12-9 at 51- 52)

5    (plaintiff's account to Dr. Weiss of his history).  Plaintiff was able to demonstrate abstract

6    thinking with Dr. Weiss in April 2013, AR 421 (ECF No. 12-9 at 53), but was unable do so with

7    Dr. Richwerger in June 2012.  AR 376 (ECF No. 12-9 at 8).  He told Dr. Weiss that he cooked

8    and shopped and "likes to clean," AR 422 (ECF No. 12-9 at 54), contrary to his representations

9    to Dr. Richwerger.  AR 374 (ECF No. 12-9 at 6).  He described himself as able to handle his

10    finances and Dr. Weiss accepted this representation, AR 422 (ECF No. 12-9 at 54), yet he told

11    Dr. Richwerger the opposite, and Dr. Richwerger accepted the representation made to him.  AR

12    374-375 (ECF No. 12-9 at 6-7).  The ALJ was entitled consider these inconsistencies and

13    discount both reports.

14                    4.   Treatment Records of Catherine Lee

15    Plaintiff argues that the ALJ erred by ignoring the May 2012 assessment of therapist

16    Catherine Lee, whose records are found at AR 393-399 (ECF No. 12-9 at 25-31).[5]  To the extent

17    if any that the ALJ's failure to expressly discuss Lee's progress notes constitutes error, it is

18    harmless error.  Ms. Lee noted that plaintiff was not taking his medication and had inconsistent

19    explanations for failing to do so.  AR 393, 398 (ECF No. 12-9 at 25, 30).  The ALJ properly

20    found that plaintiff's condition waxed and waned with treatment compliance, and that his history

21    of noncompliance weighed against a finding of disability.  AR 20 (ECF No. 12-3 at 21).  In

22    situations where medication has been shown to be effective but the patient refuses to avail

23    himself of the treatment offered, that fact alone allows a determination that the impairments that

24    could be so treated are not disabling.  Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir.

25    2006).  Accordingly, consideration of Ms. Lee's progress notes would not have affected the

26    disability determination.

27

28    [5]  These are treatment records.  Therapist Lee did not provide an opinion.

B.    Evaluation of Plaintiff's Testimony

Plaintiff argues that the ALJ erred by failing to credit plaintiff's testimony regarding the severity of his symptoms and the functional limitations arising from his mental impairments.  In assessing plaintiff's credibility the ALJ noted that he was "able to participate in the hearing closely and fully without being distracted and was able to respond to questions in an appropriate manner, behavior which is inconsistent with his alleged mental impairments."  AR 17 (ECF No. 12-3 at 18).  She also observed that his testimony seemed exaggerated and that she found his "emotional display and tears" not to be credible.  Id.  She further commented on the inconsistent accounts of his past he gave to various providers the evaluators and treaters discussed above as well as jail personnel.  Id.  She found the daily activities to which he admitted, although somewhat limited, comprised "some of the physical and mental abilities and social interaction necessary to obtain and maintain employment."  Id.  Finally, she found plaintiff's credibility reduced "by the fact that despite impairment, the claimant has [admittedly] engaged in a somewhat normal level of daily activity and interaction . . . inconsistent with the presence of an incapacitating or debilitating condition."  AR 17 (ECF No. 12-3 at 18).  These findings led her to determine that plaintiff's claims and testimony were not credible overall.

An ALJ may rely on her observational powers to evaluate a plaintiff's credibility.  Thomas v. Barnhart, 278 F.3d 948, 959 (9th Cir. 2001); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992).  In this case, the ALJ's own observation regarding plaintiff's "emotional display" was also consistent with the report of an examining psychologist who found that plaintiff exaggerated the level of his distress, including by giving the appearance of crying.  See AR 18 (ECF No. 12-3 at 19); AR 287, 289 (ECF No. 12-8 at 14, 16) (report of Dr. Gauch).

The ALJ also looked at plaintiff's inconsistent representations of his personal history to various examiners as discussed above.  AR 17 (ECF No. 12-3 at 18).  This is a permissible, and common, measure of credibility.  The ALJ did consider the testimony of plaintiff's mother, but found it less persuasive than the medical evidence she reviewed.  AR 19-20 (ECF No. 12-3 at 20-21).  This was not error; the mere description of symptoms by lay witnesses may be

1  discounted in the absence of supporting medical evidence.  Molina v Astrue, 674 F.3d 1104,

2  1122 (9th Cir. 2012); Ukolov v. Barnhart, 420 F.3d 1002, 1006 n.6 (9th Cir. 2005).

3       The observation of a plaintiff's behavior by an ALJ, when coupled with an inconclusive

4  medical record, is sufficient to discredit the plaintiff's claims.  Carmickle v. Comissioner, Social

5  Security Administration, 533 F.2d 1155, 1158, 1161 (9th Cir. 2008).  Although the absence of

6  objective medical evidence is not, standing alone, sufficient to make a negative credibility

7  determination, when coupled with conflicts between testimony and conduct, or internal

8  contradictions in plaintiff's representations, it provides a valid basis for denying coverage based

9  on a lack of credibility.  Robbins v. Social Security Administration, 466 F.3d 880, 883-884 (9th

10  Cir. 2006).  Overall, the ALJ's credibility determination here his supported by the "clear and

11  convincing evidence" required by the law in the absence of direct evidence of malingering.

12  Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

### V. CONCLUSION

14       For the reasons set forth above, IT IS HEREBY ORDERED that:

15      1.  Plaintiff's motion for summary judgment, ECF No. 19, is DENIED;

16      2.  The Commissioner's cross-motion for summary judgment, ECF No. 25, is

17         GRANTED.

18      3.  The Clerk of the Court shall enter judgement for defendant and close the case.

19  DATED: September 7, 2016

20

21  _____
   ALLISON CLAIRE

22  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

11